# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00059-MR-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| COOLIDGE KENTAY USSERY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 262]. The Government, through counsel, consents to the requested relief.

In September 2008, the Defendant pled guilty to one count of conspiracy to possess with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a), 846. At sentencing in February 2009, the Court found that the offense involved between 50 grams and 150 grams of cocaine base, a quantity that triggered the enhanced penalties of Section 841(b)(1)(A). [See PSR at ¶¶ 29, 88]. Based on that drug quantity and the filing of a Section 851 Notice by the Government, the Defendant faced a statutory mandatory sentence of life imprisonment. [Id. at ¶ 88]. The Court

calculated a guidelines range of 262 to 327 months under the career-offender guideline. [Id. at ¶¶ 35, 89]. However, because the statutory minimum sentence of imprisonment was greater than the maximum of the guidelines range, the guidelines term of imprisonment became life. See U.S.S.G. § 5G1.1(b). The Court then departed downward, upon the Government's motion based on the Defendant's substantial assistance, and imposed a sentence of 262 months' imprisonment. [See Doc. 86: Judgment at 2].

The Government then filed a Rule 35 motion after sentencing based on the Defendant's continued substantial assistance. [Doc. 100]. The Court granted the Government's motion and accepted its recommendation to reduce the Defendant's sentence "by 34 months" [see Doc. 100 at 2] from 262 months to 228 months [Docs. 102 at 1, 108 at 2].

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants

2

sentenced before the Act's passage. Accordingly, the Defendant could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

The Defendant is eligible for relief under the First Step Act because he was convicted of a "covered offense" under Section 404(a)'s definition. His offense was committed before August 3, 2010; he was subjected to the enhanced statutory penalties under Section 841(b)(1)(A); and those statutory penalties were "modified by Section 2 . . . of the Fair Sentencing Act." The Defendant's sentence has not been previously reduced by the operation of Sections 2 or 3 of the Fair Sentencing Act of 2010, and no

previous motion has been made by the Defendant pursuant to Section 404 of the First Step Act of 2018.

Because the Defendant is eligible for relief, this Court has the discretion under Section 404(b) to "impose a reduced sentence" in accordance with Section 841(b)(1)(B)'s statutory penalties, which provide a mandatory minimum term of ten years' incarceration and a maximum term of life in cases where the Government has filed a Section 851 Notice of prior conviction. Having determined that the Defendant qualifies for and is entitled to a reduction in his sentence, the question becomes what reduction is appropriate. Defendant's counsel undertakes some remarkable mathematical calisthenics to argue that the facts of this case call for a sentence far shorter than the period the Defendant has already served. Those arguments, however, are founded upon modified versions of the calculation called for in U.S.S.G. § 1B1.10 n.3 ("Note 3") to apply to motions pursuant to 18 U.S.C. § 3582(c)(2). Defendant's counsel, however, argues that this is not a motion pursuant to that section, but rather a motion only pursuant to Section 404(b) of the First Step Act. [Doc. 262]. More importantly, there are great difficulties in applying the Note 3 formula to the facts of this case, given that the Defendant was originally facing a guidelines range of life. The Defendant employed the Note 3 formula using the

assumption that a life sentence is a sentence of 540 months. Nowhere do the Guidelines or any statute dictate or even suggest this number.[1] However, when adjusting these variables in the formula, the results range between 76 months and 210 months. As a result, the formula and the Defendant's arithmetic (though interesting) is of no assistance to the Court in formulating an appropriate sentence.

Section 404(b) of the First Step Act dictates that the sentencing court may fashion a "sentence as if sections 2 and 3 of the First Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Applying that principle here, the Defendant's Section 851 Notice would have yielded a statutory sentencing range of ten years to life as opposed to mandatory life. See 21 U.S.C. § 841(b). Therefore, as a career offender, the Defendant's base offense level (BOL) would then have been 37. U.S.S.G. § 4B1.1(b). The Defendant was allowed a three-level reduction for acceptance of responsibility, thus yielding a retroactive total offense level

---

[1] The 540-month figure is found in the Bureau of Prisons (BOP) Program Statement of September 12, 2006, in the section pertaining to the formula for determining a prisoner's security classification. The "months to release" is one factor in that process. Id. at Ch.4, p.6. Obviously, some number must be inserted in that formula in order to make the calculation. The intended purpose of that calculation, however, dictates that a higher number should be used because prisoners with life sentences or death sentences are presumably those presenting the greatest risk. In other contexts, the Sentencing Commission uses the figure of 470 months as the numerical value of a life sentence when reporting sentence length. See 2017 Sourcebook of Federal Sentencing Statistics at S-172.

(TOL) of 34. This taken with the Defendant's criminal history category (CHC) of VI renders a guideline range of 262 to 327 months (precisely what was calculated for the Defendant at his sentencing except for his Section 851 Notice).

At his original sentencing, the Defendant was allowed a downward departure pursuant to U.S.S.G. § 5K1.1. It is difficult to assess the degree of that departure because it was expressed only in terms of the removal of the mandatory minimum of life arising from the Section 851 Notice.[2] The language of the Government's departure motion, however, indicates that the Defendant's assistance was substantial, yet relatively ordinary when compared to others receiving such reductions. Based thereon, the Court finds that the assistance expressed in the Government's motion is such that it warranted a downward departure the equivalent of approximately three to four offense levels. Thus, the Defendant's offense level for the purposes of sentencing would have been 30 or 31. That taken with the Defendant's CHC of VI would have made the Defendant's sentencing range to be somewhere between 168 to 235 months. In keeping with the sentencing court's decision

---

[2] This is where the Defendant's analysis becomes very problematic. Defendant's counsel calculates the degree of departure by assuming that the low end of a mandatory life sentencing range is 540 months. That figure, however, is nowhere to be found in the Sentencing Guidelines. Therefore, calculating the departure as a percentage of this arbitrary number yields a very questionable result.

6

to sentence the Defendant at the low end of the applicable guidelines range, this would have resulted in a sentence of somewhere between 168 and 188 months.[3] Subsequent to his sentencing, the Defendant cooperated further and received a reduction of 34 months pursuant to Rule 35. There is no indication in the Government's motion as to how the Government arrived upon this 34-month figure. Presumably it is proportionately related to the sentence the Defendant was then serving (262 months). A proportionate reduction from a 188-month sentence would have allowed for an additional reduction of 24 months. Taking all of this into account, the Court determines that looking back to what sentence the Defendant would have received if the Fair Sentencing Act of 2010 had been in effect at the Defendant's original sentencing in 2009, he would have received a sentence of somewhere between 134 months (168 minus 34) and 164 months (188 minus 24).

Next, the Court must determine, in its discretion, whether the Defendant is deserving of such a reduction. The Defendant's conduct while in the Bureau of Prisons has been relatively good, though not perfect. The Supplemental Presentence Report indicates that the Defendant has received only four minor disciplinary actions while in custody, and three of those

---

[3] TOL 30/CHC VI yields a sentencing range of 168-210 months. TOL 31/CHC VI yields a statutory range of 188-235 months.

infractions occurred on the same day in 2014. [See Doc. 263: Supp. PSR at 3]. Additionally, the Defendant has successfully completed numerous educational programs and work assignments. [Id.]. No other facts are present before the Court that would indicate that the Defendant should be denied the benefit of Section 404(b).[4] With good time earned, the Defendant currently has a total of 148 months of BOP credited time. [Id.].

For all these reasons, the Court concludes that the Defendant is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute").

Based on the entire record of the case, including the Defendant's disciplinary record with the BOP, the Court in its discretion reduces the Defendant's sentence to a period of time served plus ten (10) days. The Defendant shall be sentenced to the statutory minimum term of supervised release of eight (8) years.

---

[4] The undersigned was not the sentencing judge. The Court notes that the Defendant's criminal history includes convictions for second degree kidnapping and assault with a deadly weapon with intent to kill, as well as various drug offenses. It is unclear how the Defendant's original sentencing judge took this information into account, or even whether the Court considered it at all. Therefore, giving the Defendant the benefit of the doubt, the Court considers that factor as having been fully accounted for in the sentencing calculus as set forth above.

**IT IS, THEREFORE, ORDERED** that the Defendant's Unopposed Motion for Amended Judgment under the First Step Act of 2018 [Doc. 262] is **GRANTED**, and the Defendant's sentence is hereby reduced to Time Served plus ten (10) days, followed by eight (8) years of supervised release. All other terms and conditions of the Defendant's Amended Judgment [Doc. 108] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: March 5, 2019

Martin Reidinger
United States District Judge